IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARDELI BEAULIEU,
    Plaintiff,

vs.                                    Case No.: 3:07cv30/RV/EMT

BOARD OF TRUSTEES OF
UNIVERSITY OF WEST FLORIDA,
    Defendant.
_____/

## **ORDER, REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's Motion for Default Judgment Under Rule 55.[1] In relevant part, Rule 55 of the Federal Rules of Civil Procedure provides:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b) Judgment. Judgment by default may be entered as follows:
>
> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant . . .
>
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into

---

[1] The court notes that Plaintiff's instant motion does not contain a two-inch margin on the first page of the document. Local Rule 5.1(B)(3) states that the first page of the document must have a bottom margin of at least two (2) inches. *See* N.D. Fla. Loc. R. 5.1(B)(3). Each subsequent page must have a margin of approximately one and one-fourth (1 1/4) inch. *See id.* Despite this deficiency, the clerk shall be directed to file Plaintiff's motion.

effect, it is necessary . . . to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). . . .

In the instant case, Plaintiff moves for a default judgment against Defendant with respect to all counts, or in the alternative, count one of her complaint (*see* Plaintiff's motion at 2). Plaintiff argues that because Defendant filed only a partial motion to dismiss and did not specifically address count one of the complaint that Defendant is, at least, in default with respect to claim one (*see id.* at 2; *see also* Plaintiff's memorandum in support of her motion).

Rule 12, in relevant part, provides:

(a) When Presented.

(1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer
    (A) within 20 days after being served with the summons and complaint . . .

(4) Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows:
    (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action.

Plaintiff's motion presents the question of whether a partial motion to dismiss extends the moving party's period of time to answer the unchallenged claim(s). The majority of courts considering this question have concluded that a party need not file an answer while a partial motion to dismiss is pending. *See, e.g.*, Oil Express Nat., Inc. v. D'Alessandro, 173 F.R.D. 219, 220 (N.D. Ill. 1997). In Brocksopp Engineering, Inc. v. Bach-Simpson Ltd., 136 F.R.D. 485, 486–87 (E.D. Wis. 1991), multiple defendants joined in a motion to dismiss. One of the defendants did not join in as to all counts of the complaint, and plaintiff moved for a default judgment against that defendant for the counts on which they failed to join. *Id.* The court held that a partial 12(b) motion extended the time to answer all counts of the complaint and not merely those which were subject to the

motion.  *Id.*  In <u>Business Incentives Co. v. Sony Corp. of America</u>, 397 F. Supp. 63, 64 (S.D.N.Y. 1975), defendant filed a motion to dismiss seven counts of a nine-count complaint.  Plaintiff filed a motion for summary judgment on the remaining counts for failure to answer.  *Id.*  The court held that defendant's time to answer was "automatically . . . extended by its Rule 12(b)(6) motion."  *Id.* at 64, 65; *see also* <u>Northland Ins. Cos. v. Blaylock</u>, 115 F. Supp. 2d 1108, 1115 (D. Minn. 2000) (noting that "[w]hen a motion to dismiss has been filed, no answer need be filed until ten days after the court disposes of the motion.").  Furthermore, legal commentators have noted that "[s]ervice of a motion permitted by Rule 12 also may enlarge the applicable period of time for serving an answer or other responsive pleading, as is now prescribed by Rule 12(a)(4)."  WRIGHT, MILLER & MARCUS, 5B FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1346 (2006).

Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss.  *See, e.g.*, <u>Northland</u>, 115 F. Supp. 2d at 1115; <u>Brocksopp Eng'g.</u>, 136 F.R.D. at 486–87; <u>Business Incentives</u>, 397 F. Supp. at 63, 64.  Thus, Plaintiff's motion for default judgment should be denied.

Accordingly, it is **ORDERED** that:

The clerk shall file Plaintiff's Motion for Default Judgment under Rule 55.

And it is respectfully **RECOMMENDED** that:

Plaintiff's Motion for Default Judgment Under Rule 55 be **DENIED**.

At Pensacola, Florida, this 4th day of June 2007.

        /s/ *Elizabeth M. Timothy*
        **ELIZABETH M. TIMOTHY**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).