IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARDELI BEAULIEU,
    Plaintiff,

vs.                                Case No. 3:07cv30/RV/EMT

BOARD OF TRUSTEES OF
UNIVERSITY OF WEST FLORIDA,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court upon Defendant's Motion to Dismiss and to Strike (Doc. 7). Plaintiff has filed a response (Doc. 9). Upon review of the issues raised in the instant motion, the undersigned recommends that Defendant's motion be granted in part and denied in part.

I.    BACKGROUND

       Plaintiff, proceeding pro se, filed a three-count complaint against Defendant alleging: (1) employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (2006); (2) libel, slander, and defamation regarding a job performance evaluation authored by Defendant's employees; and (3) libel, slander, and defamation regarding Defendant's responses to the Equal Employment Opportunity Commission's ("EEOC") investigation of Plaintiff's EEOC claim of employment discrimination (*see* Doc. 1 at 4–5).

II.    DISCUSSION

       Defendant has moved (1) to dismiss Counts II and III of the complaint based on Eleventh Amendment immunity and (2) to strike Plaintiff's reference to retaliation in Count I, paragraph 12 of the complaint and Plaintiff's demands for removal of records from her personnel file, punitive damages, and "an injunction to prevent the hiring of 'culpable' employees" (*see* Doc. 7 at 2–6). Plaintiff opposes the motion and argues that Counts II and III of her complaint are not subject to

dismissal, and her complaint is properly drafted (*see* Doc. 9).[1]  The court will address each issue in turn.

     A.     Motion to Dismiss

Defendant, the Board of Trustees of the University of West Florida ("UWF"), has moved to dismiss Counts II and III of the complaint based on the Eleventh Amendment (*see* Doc. 7 at 2–4).

        (1) Standard of Review

The court should grant a motion to dismiss under Rule 12(b)(6) if the facts as plead in the complaint do not state a claim for relief that is plausible on its face.  *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21, 2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  To state a claim for relief, Rule 8(a)(2) of the Federal Rules of Civil procedure requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  On a motion to dismiss, the allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006) (citing Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 2007 WL 1461066, at *8 (internal citations and quotations omitted).  Additionally, it is well settled that the allegations of a pro se complaint, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers . . . ."  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L.

---

[1] Plaintiff also opposes the instant motion on the ground that Defendant has failed to answer her complaint (*see* Doc. 9 at 2–8).  The court has ruled, however, that Defendant's motion to dismiss automatically extends its time to answer under Rule 12(a)(4) of the Federal Rules of Civil Procedure (*see* Doc. 32 at 3 (recommending that Plaintiff's motion for default judgment be denied); Doc. 41 (district court's order adopting this court's recommendation and denying Plaintiff's motion for default judgment)).  Therefore, the court will not address Plaintiff's arguments concerning Defendant's failure to answer in this report and recommendation.

Ed. 2d 652 (1972). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *See* Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

(2) Counts II and III of Plaintiff's Complaint

Defendant argues that the Eleventh Amendment, unless waived, operates as a complete bar to this court's jurisdiction over Plaintiff's libel, slander, and defamation claims (Doc. 7 at 3). Further, Defendant argues that Florida has not waived its sovereign immunity for liability for such claims (*see id.* at 4). Thus, Defendant alleges that Counts II and III of the complaint should be dismissed because it is immune from liability for these claims under the Eleventh Amendment (*see id.* at 5). In response, Plaintiff argues that Defendant is not entitled to immunity from Plaintiff's libel, slander, and defamation claims under the Eleventh Amendment because Florida "has specifically waived sovereign immunity as to state university board[s] of trustees per 2006 FS 728.28(1)" (*see* Doc. 9 at 11–12 (emphasis removed)).

The Eleventh Amendment bars suits against state entities in federal court. *See, e.g.*, Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 72 (1996). *See also* Edelman v. Jordan, 415 U.S. 651, 662–63 (1974) (explaining that a suit by a private party which, for past acts or omissions, seeks to impose legal or equitable liability payable from state funds, is barred in a federal court by the Eleventh Amendment). The state also enjoys immunity from suit when individual state officials are the nominal defendants but the state is the real, substantial party in interest. Ford Mot. Co. v. Dept. of Treasury, 323 U.S. 459, 464 (1945).

When an action is brought against a public agency or institution, and/or the officials thereof, the application of the Eleventh Amendment turns on whether the agency or institution can be characterized as an arm or alter ego of the state, or whether it should be treated instead as a political subdivision of the state. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). The great majority of cases addressing the question of Eleventh Amendment immunity for public colleges and universities have found such institutions to be arms of their respective state governments and thus immune from suit. *See* United Carolina Bank v. Bd. of Regents, 665 F.2d 553 (5th Cir. 1982) (Stephen F. Austin State University in Texas); Rutledge v. Ariz. Bd. of Regents, 660 F.2d 1345 (9th Cir. 1981) (Arizona State University), *aff'd sub nom.*, Kush v. Rutledge, 460 U.S.

719 (1983); Perez v. Rodriquez Bou, 575 F.2d 21 (1st Cir. 1978) (University of Puerto Rico); Jagnandan v. Giles, 538 F.2d 1166 (5th Cir. 1976) (Mississippi State University), *cert. denied*, 432 U.S. 910 (1977)[2]; Prebble v. Brodrick, 535 F.2d 605 (10th Cir. 1976) (University of Wyoming); Long v. Richardson, 525 F.2d 74 (6th Cir. 1975) (Memphis State University); Brennan v. Univ. of Kan., 451 F.2d 1287 (10th Cir. 1971); Walstad v. Univ. of Minn. Hosps., 442 F.2d 634 (8th Cir. 1971); Moxley v. Vernot, 555 F. Supp. 554 (S.D. Ohio 1982) (University of California at Irvine, as party to a contract for conducting research at Wright Patterson Air Force Base in Ohio); Vaughn v. Regents of Univ. of Calf., 504 F. Supp. 1349 (E.D. Cal.1981); Weisbord v. Mich. State Univ., 495 F. Supp. 1347 (W.D. Mich.1980); An-Ti Chai v. Mich. Tech. Univ., 493 F. Supp. 1137 (W.D. Mich. 1980); Zentgraf v. Tex. A & M Univ., 492 F. Supp. 265 (S.D. Tex. 1980); Bailey v. Ohio State Univ., 487 F. Supp. 601 (S.D. Ohio 1980); Henry v. Tex. Tech Univ., 466 F. Supp. 141 (N.D. Tex. 1979). However, "[e]ach state university exists in a unique governmental context, and each must be considered on the basis of its own peculiar circumstances." Soni v. Bd. of Trustees, 513 F.2d 347, 352 (6th Cir. 1975), *cert. denied*, 426 U.S. 919 (1976).

Here, it is clear that UWF is as an agency or instrumentality of the State of Florida for Eleventh Amendment purposes. *See* Schultz v. Bd. of Trustees of Univ. of W. Fla., No. 3:06cv442/RS/MD, 2007 WL 1490714, at *3 (finding that UWF is an agency or instrumentality of the State for Eleventh Amendment purposes).[3] As such, absent an intentional waiver of the State's sovereign immunity, Defendant is immune from suit in federal court on the basis of sovereign immunity. *See* Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (absent waiver, "neither a State nor agencies acting under its control may 'be subject to suit

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

[3] *See also* § 1000.21(6), Fla. Stat. (2006) (" 'State university,' except as otherwise specifically provided, includes the following institutions and branch campuses, centers, or other affiliates of the institution: . . . (f) The University of West Florida"); § 1001.72(5), Fla. Stat. (2006) ("University boards of trustees shall be corporations primarily acting as instrumentalities or agencies of the state, pursuant to s. 768.28(2), for purposes of sovereign immunity"); Ass'n for Disabled Ams. v. Fla. Intl'l Univ., 178 F. Supp. 2d 1291, 1295 (S.D. Fla. 2001), *rev'd on other grounds*, 405 F.3d 954 (11th Cir. 2005) (explaining that "it is undisputed that [Florida International University] is considered an arm of the state for Eleventh Amendment purposes"); *see also* Harden v. Adams, 760 F.2d 1158, 1163–64 (11th Cir. 1985) (holding that the Eleventh Amendment barred suit against Troy State University because it was an "agency" or "instrumentality" of Alabama under Alabama law).

in federal court' ") (citations omitted).

Florida has waived its sovereign immunity to certain tort actions by statute. *See* § 768.28(1), Fla. Stat. (2006).[4] The Florida Supreme Court has explained that "[s]ection 768.28 evinces the intent of our legislature to waive sovereign immunity on a broad basis." <u>Commercial Carrier Corp. v. Indian River County</u>, 371 So. 2d 1010, 1022 (Fla. 1979). This broad wavier, however, is not absolute; for example, Florida has not waived its sovereign immunity to intentional or malicious torts committed by State officers, employees, or agents. *See* § 768.28(9)(a), Fla. Stat. ("The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."); *see also* <u>Smith v. State, Bd. of Regents</u>, 701 So. 2d 348, 349–50 (Fla. 1st DCA 1997) ("Florida has not waived its original sovereign immunity as to acts done maliciously or in bad faith, as alleged in the complaint here on review."); <u>Kirker v. Orange County</u>, 519 So. 2d 682, 684 (Fla. 5th DCA 1988) ("The very need to allege and prove willful, wanton or malicious conduct to sustain an action against [an employee] makes the case non-actionable against the county."). Furthermore, Florida courts have held that the State's waiver of sovereign immunity does not extend to allegations of intentional or malicious libel, slander, or defamation. *See* <u>Rudloe v. Karl</u>, 899 So. 2d 1161, 1164 n.2 (Fla. 1st DCA 2005) (explaining that the doctrine of sovereign immunity would have barred plaintiff's claims of intentional and malicious defamation had they not been amended).

In this case, in Count II of the complaint Plaintiff alleges libel, slander, and defamation because Defendant allegedly "drafted an intentionally malicious . . . Instructor Evaluation" (Doc. 1 at 4–5, ¶1 (incorporating by reference and realleging paragraphs one through sixteen of the complaint in Count II)). Further, Plaintiff states that Defendant's allegedly defamatory statements were "deliberately drafted" and "maliciously contradict[] . . . [other] faculty evaluations" (*id.* at 4, ¶¶ 2–3). Finally, Plaintiff alleges that Defendant's "malicious assertions are not job related" (*id.* at

---

[4]Section 768.26(2), Florida Statutes (2006), provides that Florida's waiver of sovereign immunity extends to state university boards of trustees.

Case No. 3:07cv30/RV/EMT

4, ¶¶ 8). Plaintiff does not allege that Defendant's conduct was merely negligent. In Count III, Plaintiff incorporates and realleges paragraphs one through twenty-six of the complaint and again alleges libel, slander, and defamation due to Defendant's response to the EEOC (*see id.* at 5, ¶ 27). In addition to realleging the intentional, malicious, and deliberate conduct discussed above, Plaintiff further alleges that Defendant "intentionally misled the EEOC with assertions and representations that [were] false" (*id.* at 5, ¶ 30). Plaintiff also alleges that Defendant acted with "actual malice"[5] in making its allegedly defamatory statements to the EEOC and "willfully and recklessly repeated" and republished the defamatory statements referenced in paragraph one of her complaint (*see id.* at 5, ¶ 34). In sum, Plaintiff's claims in counts II and III, by their very terms, allege intentional, malicious, and deliberate conduct by Defendant (*see id.* at 4–5). Therefore, Defendant is immune from liability as to Counts II and III of Plaintiff's complaint because Florida has not waived its sovereign immunity to intentional or malicious torts, including intentional and malicious libel, slander, or defamation. *See* § 768.28(9)(a), Fla. Stat.; Rudloe, 899 So. 2d at 1164 n.2; Smith, 701 So. 2d at 349–50; *see also* Metcalf, 506 U.S. at 144 (1993) (explaining that absent intentional waiver the Eleventh Amendment protects the state from suit in federal court). Accordingly, Counts II and III of Plaintiff's complaint should be dismissed.

    B.    Motion to Strike

Defendant has moved to strike (1) Plaintiff's reference to retaliation in Count I, paragraph 12 of the complaint, (2) Plaintiff's demand for the removal of records from her personnel file, (3) Plaintiff's demand for punitive damages, and (4) Plaintiff's demand for "an injunction to prevent the hiring of 'culpable' employees" (Doc. 7 at 5–7).

        (1) Motion to Strike Standard

Federal Rule of Civil Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading.[6] However, "[a] motion

---

[5]"Bad faith has been equated with the actual malice standard." Ford v. Rowland, 562 So. 2d 731, 734 (Fla. 5th DCA 1990).

[6]Rule 7(a) defines pleadings. *See* Fed. R. Civ. P. 7(a). In relevant part, it provides:

> Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person

Case No. 3:07cv30/RV/EMT

to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.' " Scelta v. Delicatessen Support Servs., Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999) (quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).[7]

(2) Reference to Retaliation in Count I

Defendant moves to strike Plaintiff's reference to retaliation in Count I, paragraph 12 of the complaint (*see* Doc. 7 at 5). In Count I, paragraph 12 of the complaint Plaintiff alleges that Defendant "intentionally retaliated against [her] for [her] implicit complaint of discrimination" (Doc. 1 at 5). Defendant argues that "[as] a matter of law, there can be no retaliation for an 'implicit' complaint of discrimination" (Doc. 7 at 5). Further, Defendant argues that Plaintiff's allegation of retaliation is beyond the scope of her administrative charge to the EEOC (*id.*). Finally, Defendant argues that if Plaintiff intended to plead retaliation, "it must be a separate count [] under Rule 10(b)" (*id.*). In response, Plaintiff argues that Defendant is placing too much weight on a single word (Doc. 9 at 18). Specifically, Plaintiff argues that the word "implicit" could be removed from paragraph twelve without altering the essential facts and circumstances that support Plaintiff's allegations (*id.*). Plaintiff then argues that she has met her burden to allege facts sufficient to establish a prima facie case of retaliation under Title VII (*see id.* at 21).

Courts have held that a motion to strike is an inappropriate procedural mechanism to challenge an allegation in a complaint that is not redundant, immaterial, impertinent, or scandalous. *See, e.g.*, Deluca v. Michigan, No. 06-12552, 2007 WL 1500331, at *1 (E.D. Mich. May 23, 2007) (citing 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 at 390–91 (3d. ed. 2004)); *see also* Colodny v. Iverson, Yoakum, Papiano & Hatch, 838 F. Supp. 572, 575 (M.D. Fla. 1993) (citing Drewett v. Aetna Cas. & Sur. Co., 405 F. Supp. 877, 878 (D.C. La. 1975)) (explaining the same and noting that "the allegations in a complaint cannot be stricken simply because a

---

who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

[7]One Middle District of Florida court has even called Rule 12(f) motions "time wasters" because they are so rarely granted. *See* Somerset Pharms., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996).

defendant challenges their factual basis"). Here, Defendant is not seeking to strike material simply because it is redundant, immaterial, impertinent, or scandalous.[8] Rather, Defendant alleges that Plaintiff is not entitled to pursue a claim for retaliation under Title VII because she has not fulfilled the requirements precedent to filing a Title VII retaliation claim in federal court (*see* Doc. 7 at 5). In other words, Defendant seeks to challenge the adequacy of Plaintiff's allegations; thus, Defendant's motion is more properly characterized as a motion to dismiss pursuant to Rule 12(b)(6).[9] *See* Drewett, 405 F. Supp. at 878 (noting that a motion to strike is a procedurally inappropriate method to challenge an allegation that is not redundant, immaterial, impertinent, or scandalous and explaining that "[o]n the other hand, the subject matter of [defendant's] motion [to strike] may be properly presented to the [c]ourt by means of a" motion to dismiss); Miller v. Ill. Dept. of Mental Health and Developmental Disabilities, No. 93-C-7765, 1994 WL 654764, at *1 (N.D. Ill. Nov. 14, 1994) (explaining that because defendant's "argument [in his motion to strike] focuses on the sufficiency of the complaint, defendant's motion should have been framed as a motion to dismiss pursuant to Rule 12(b)(6)"); *see also* Madison House, Ltd. v. Sotherby's Intern. Realty Affiliates, Inc., No. C06-1054P, 2006 WL 3097417, at *2 (W.D. Wash. Oct. 30, 2006) (explaining that defendant's motion to strike certain portions of plaintiff's complaint as "legally insufficient" was not properly brought as a motion to strike but should have been brought as a motion to dismiss or for summary judgment). Accordingly, the court shall construe Defendant's motion to strike Count I, paragraph 12 as a motion to dismiss Plaintiff's allegation of retaliation.

Title VII makes it unlawful for an employer to discriminate against an employee because the employee has opposed any practice made an unlawful employment practice under Title VII, or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. *See* 42 U.S.C. § 2000e-3(a). Retaliation is a separate violation of Title VII. "To recover for retaliation, the plaintiff 'need not prove the

---

[8] Defendant contends that Plaintiff's allegations are immaterial because they go beyond the scope of her EEOC charge (*see* Doc. 7 at 5). However, Plaintiff's allegations of retaliation would be immaterial only if the court first determined that Plaintiff had not stated a claim for retaliation.

[9] The court notes that the motion to dismiss standard set out *supra* in Part II(A)(1) applies to Rule 12(b)(6) motions.

Case No. 3:07cv30/RV/EMT

underlying claim of discrimination which led to her protest,' so long as she had a reasonable good faith belief that the discrimination existed." Meeks v. Computer Assocs. Int'l., 15 F.3d 1013, 1021 (11th Cir. 1994) (quoting Tipton v. Canadian Imperial Bank of Commerce, 872 F.2d 1491, 1494 (11th Cir. 1989)).

To establish a prima facie case of retaliation, Plaintiff must show that: (1) she participated in an activity protected by Title VII ; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision. *See* Gupta v. Florida Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000), *cert. denied*, 531 U.S. 1076 (2001). Plaintiff can allege participation in a protected activity by demonstrating that she had a subjective, good-faith belief that her employer was engaged in unlawful employment practices and that her belief was objectively reasonable in light of the facts and record presented. Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 960 (11th Cir. 1997). Adverse employment action under Title VII's anti-retaliation provision, requires that Plaintiff allege action that was "either [] an ultimate employment decision or else [meets] some threshold level of substantiality." Stavropoulos v. Firestone, 361 F.3d 610, 616–17 (11th Cir. 2004) (citation and quotation omitted). Ultimate employment decisions include decisions such as termination, failure to hire, or demotion. *Id.* at 617. Finally, to show a causal connection, Plaintiff must allege that the decision-makers were aware of the protected conduct and that the protected activity and the adverse action were not wholly unrelated. Gupta, 212 F.3d at 590 (citations, quotations, and modifications omitted). For purposes of a prima facie case, "close temporal proximity" may be sufficient to show that the protected activity and the adverse action were not "wholly unrelated." *Id.* (citations omitted).

In this case, Plaintiff has met her burden of pleading a prima facie case of retaliation. First, Plaintiff alleges that she engaged in an activity protected under Title VII (*see* Doc. 1 at 5). She claims that Defendant intentionally retaliated against her for her complaint of discrimination (*see id.*). Specifically, Plaintiff alleges that Defendant subjected her to different terms and conditions of employment because of her complaints and drafted a discriminatory instructor evaluation targeting her Hispanic ethnicity and national origin (*see id.* at 4). Plaintiff also alleges that she believes that Defendant "intentionally concealed" this discriminatory evaluation and states that the discriminatory evaluation contradicts other evaluations from a similar time period (*id.*). Plaintiff

also alleges that defendant "maliciously [and] incorrectly refused to allow [her] to file a grievance" concerning her disparate terms and conditions of employment and the discriminatory evaluation (*see id.*). *See also* Gupta, 212 F.3d at 587 (explaining that "complaining about sexual harassment and filing a sexual harassment charge with the" EEOC was a protected activity). Second, Plaintiff alleges that she suffered an adverse employment action because she was not rehired (Doc. 1 at 4). Third, Plaintiff alleges that she was not rehired because of the discriminatory evaluation (*id.*). In particular, she alleges that the discriminatory evaluation was authored on May 19, 2006 and delivered to her on June 30, 2006 (*id.*). Next, Plaintiff alleges that she was not rehired in August 2006. The Gupta court explained that close temporal proximity is sufficient to show that the protected activity and the adverse action were not wholly unrelated. Gupta, 212 F.3d at 590. Moreover, Plaintiff alleges that Defendant "refused to allow [her] to file a grievance." Thus, it is apparent that she alleges Defendant was aware of her complaints concerning her differing terms and conditions of employment and the discriminatory instructor evaluation. *See id.* Therefore, Plaintiff has plead all of the facts necessary to establish a prima facie cause of action for retaliation under § 2000e-3.

Defendant also moves to dismiss Plaintiff's retaliation claim because it is beyond the scope of her EEOC charge of discrimination (Doc. 7 at 5). Prior to filing a Title VII action, Plaintiff first must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam). Plaintiff's judicial complaint is limited by the scope of the EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination." *Id.* However, the Eleventh Circuit has held that "the scope of an EEOC complaint should not be strictly interpreted." *Id.* at 1280. Courts are extremely reluctant to allow procedural technicalities to bar claims brought under Title VII. *See id.*; *see also* Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970) (noting that the allegations in a judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to the allegations contained in the charge). Thus, the court must determine if Plaintiff's judicial complaint was like or related to, or grew out of, the allegations contained in her EEOC charge of discrimination. *See* Gregory, 355 F.3d at 1280; Sanchez, 431 F.2d at 466.

Here, Plaintiff's EEOC charge of discrimination alleges that she "was subject to different terms and conditions of employment . . . and given three performance evaluations" instead of two (*see* Doc. 1 at 16).  Plaintiff alleges that she does "not understand the reason for a third evaluation dated May 19, 2006 [because her] contract ended effective April 28, 2006" (*id.*).  Plaintiff then alleges that she believes that she was discriminated against due to her race and national origin and states that her contract was not renewed in August 2006 (*see id.* at 16–17).  In the instant judicial complaint, Plaintiff alleges that her employment contract was not renewed because of a discriminatory instructor evaluation that was authored on May 19, 2006 in retaliation for her attempts to file grievances apparently due to her different terms and conditions of employment and because of the discriminatory evaluation itself (*see id.* at 4–5, 16).  Plaintiff's EEOC complaint contains the basic facts required to state a claim for unlawful retaliation in violation of Title VII. *See* Gupta, 212 F.3d at 587 (explaining that the elements of a retaliation claim are (1) participation in an activity protected by Title VII ; (2) adverse employment action; and (3) a causal connection between the participation in the protected activity and the adverse employment decision).  Thus, Plaintiff's claim of retaliation in violation of § 2000e-3 is not beyond the scope of her EEOC charge of discrimination.  As such, it is not subject to dismissal on this ground.

Plaintiff has stated a prima facie claim for retaliation pursuant to § 2000e-3, and her claim is not beyond the scope of her EEOC charge of discrimination.  Accordingly, Defendant's motion to dismiss Plaintiff's retaliation claim should be denied.

(3) Demand for Removal of Personnel Records

Defendant moves to strike Plaintiff's demand for the removal of certain records from her personnel file (Doc. 7 at 6).  In its entirety, Defendant's argument consists of the following three sentences: "Plaintiff demands removal of records from her personnel file.  *See* Complaint, Section IV, request two.  To the extent that this means destruction of records, this would violate Florida's Public Records Act, Chapter 119, Fla. Stat.  Therefore this demand, as worded, should be stricken" (*id.*).

A motion to strike may only be granted to remove redundant, immaterial, impertinent, or scandalous matters from a pleading.  *See* Fed. R. Civ. P. 12(f).  Defendant has not alleged that Plaintiff's prayer for relief is redundant, immaterial, impertinent, or scandalous. Moreover, a motion

to strike is not the proper procedural mechanism to test the adequacy of Plaintiff's complaint. *See* Deluca, 2007 WL 1500331, at *1; Colodny, 838 F. Supp. at 575; *see also* Dotschay v. Nat. Mut. Ins. Co., 246 F.2d 221, 223 (5th Cir. 1957) (explaining that if a complaint "shows that the [p]laintiff is entitled to any relief that the [c]ourt can grant, regardless of whether it asks for the proper relief," it is sufficiently plead). Therefore, Defendant's motion to strike Section IV, request two of Plaintiff's complaint should be denied.[10]

(4) Demand for Punitive Damages

Defendant also moves to strike Plaintiff's demand for punitive damages in Section IV, request five of the complaint (*see* Doc. 7 at 6). Initially, the court notes that "[a] claim for punitive damages does not fall under an 'insufficient defense or any redundant, immaterial, impertinent, or scandalous matter,' as set forth in Rule 12(f). Rather, the correct Rule under which a defendant asserts that a plaintiff is not entitled to punitive damages, is Rule 12(b)(6)." Lahey v. JM Mortg. Servs., Inc., No. 99-C-4074, 2000 WL 420851, at *7 (N.D. Ill. Apr. 18, 2000) (citing Driveaway and Truckaway Serv., Inc. v. Aaron Driveaway and Truckaway Co., Inc., 781 F. Supp. 548, 549–50 (N.D. Ill. 1991)); *see also* Drewett, 405 F. Supp. at 878 (explaining that defendant's motion to strike should have been presented to the court as a motion to dismiss because the motion did not address any redundant, immaterial, impertinent, or scandalous matter in the complaint); Miller, 1994 WL 654764, at *1 (noting that a motion to strike focusing "on the sufficiency of the complaint . . . should have been framed as a motion to dismiss pursuant to Rule 12(b)(6)"). As in Lahey, Defendant's motion to strike is more properly characterized as a motion to dismiss and shall be treated as such. *See* 2000 WL 420851, at *7. Thus, the court will view Defendant's motion to strike Plaintiff's demand for punitive damages as a motion to dismiss this demand under Rule 12(b)(6).

"Punitive damages are available in discrimination actions, provided that they are not against the government or a governmental agency." Erickson v. Hunter, 932 F. Supp. 1380, 1385 (M.D. Fla. 1996); *see* 42 U.S.C. § 1981a(b)(1) (2006) ("A complaining party may recover punitive damages

---

[10]Rule 7(b)(1) of the Federal Rules of Civil Procedure requires a motion to "state with particularity the grounds" for granting or denying the relief sought. Defendant has generally cited to an entire chapter of Florida law and does not reference any specific provision under which it is entitled to the relief it seeks. Therefore, Defendant's motion to strike Section IV, request two of Plaintiff's request could also be denied on this ground.

Case No. 3:07cv30/RV/EMT

[in a discrimination action] against a respondent (<u>other than a government, government agency or political subdivision</u>)" (emphasis supplied)).  Furthermore, § 768.28(5), Florida Statutes, provides that "[t]he state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, <u>but liability shall not include punitive damages</u> . . . ." (emphasis supplied).  As explained *supra*, Defendant, as a state university, is an instrumentality of the State of Florida, and therefore Plaintiff cannot recover punitive damages against it.  Accordingly, Defendant's motion to dismiss Plaintiff's demand for punitive damages should be granted.

(5) Demand for an Injunction Prohibiting the Hiring of Certain Employees

Defendant also moves the court to strike Plaintiff's demand in Section IV, request six for "an injunction to prevent the hiring of 'culpable' employees" because no such form of relief is contemplated by Title VII (Doc. 7 at 6).  As has been discussed in detail *supra*, a motion to strike is not the proper procedural mechanism to test the adequacy of Plaintiff's complaint.  *See* <u>Deluca</u>, 2007 WL 1500331, at *1; <u>Colodny</u>, 838 F. Supp. at 575; *see also* <u>Dotschay</u>, 246 F.2d at 223 (if a complaint "shows that the [p]laintiff is entitled to any relief that the [c]ourt can grant, regardless of whether it asks for the proper relief," it is sufficiently plead).  Therefore, Defendant's motion to strike Plaintiff's request for an "injunction preventing hiring of culpable employees" should be denied.

III.  CONCLUSION

Defendant's motion to dismiss Courts II and III of the complaint and the demand for punitive damages in Section IV, request five of the complaint should be granted.  Defendant's motion to strike Plaintiff's claim of retaliation in Count I, paragraph twelve, construed as a motion to dismiss, should be denied.  Defendant's motion to strike Plaintiff's demands for removal of personnel records in Section IV, request two of the complaint and for an injunction prohibiting the hiring of certain employees in Section IV, request six of the complaint should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Defendant's Motion to Dismiss and to Strike (Doc. 7) be **GRANTED in part and DENIED in part** as follows:

1. Defendant's motion to dismiss Counts II and III of the complaint should be

**GRANTED**.

 2. Defendant's motion to strike Plaintiff's claim of retaliation in Count I, paragraph twelve of the complaint, construed as a motion to dismiss, should be **DENIED**.

 3. Defendant's motion to strike Plaintiff's demand for the removal of certain records from her personnel file in Section IV, request two of the complaint should be **DENIED**.

 4. Defendant's motion to strike Plaintiff's demand for punitive damages in Section IV, request five of the complaint, construed as a motion to dismiss, should be **GRANTED**.

 5. Defendant's motion to strike Plaintiff's request for injunctive relief in Section IV, request six of the complaint should be **DENIED**.

 At Pensacola, Florida, this 24th day of August 2007.

 /s/ *Elizabeth M. Timothy*
 **ELIZABETH M. TIMOTHY**
 **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**