IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARDELI BEAULIEU,
    Plaintiff,

vs.                                       Case No. 3:07cv30/RV/EMT

BOARD OF TRUSTEES OF
UNIVERSITY OF WEST FLORIDA,
    Defendant.
_____/

**O R D E R**

This cause comes on for consideration upon the magistrate judge's report and recommendation dated August 24, 2007. Plaintiff has been furnished a copy of the report and recommendation and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a <u>de novo</u> determination of all timely filed objections.

Having considered the report and recommendation, and all objections thereto timely filed, I have determined that the report and recommendation should be adopted, subject to the following modifications.

The report and recommendation recognizes that the University is an agency or instrumentality of the State of Florida for Eleventh Amendment purposes, but discusses at some length the application of Section 768.28, Florida Statutes (2006) and the waiver of sovereign immunity. Section 768.28 does not apply to lawsuits in federal court [<u>see</u> § 768.28919)], nor does it waive Eleventh Amendment immunity. <u>See, e.g.,</u> <u>Schopler v. Bliss</u>, 903 F.2d 1373, 1379 (11th Cir. 1990). Nevertheless, Counts I and III are subject to dismissal because of Eleventh Amendment immunity.

The report and recommendation also recommended denial of the motion to strike line 12 of the plaintiff's Count I factual allegations: "intentionally retaliated against me for my implicit complaint of discrimination." While retaliation may be a separate cause of action under Title VII,

it requires "protected activity" as a predicate.  The only apparent reference to such activity is a mentioning in her amended EEOC complaint of "my opposition to discriminatory employment practices" which led to her unsatisfactory evaluation on May 19, 2006.  She then complained about her unsatisfactory evaluation.  This is simply not sufficient to describe protected activity, or to rise to the level of stating a claim (which should properly be set out separately).  Since the retaliation sentence is set in the middle of the failure to rehire Title VII allegations, it is immaterial to that claim.  The motion to strike should be granted.

Also, the plaintiff's requested relief of an injunction "preventing hiring of culpable employees" is not legally appropriate or available, and should be stricken.

Accordingly, it is now **ORDERED** as follows:

1. The magistrate judge's report and recommendation, as modified herein, is adopted and incorporated by reference in this order.

2.  Defendant's Motion to Dismiss and to Strike (Doc. 7) is **GRANTED in part and DENIED in part** as follows:

    a.  Defendant's motion to dismiss Counts II and III of the complaint is **GRANTED,** and the claims of libel, slander, and defamation are **DISMISSED**.

    b.   Defendant's motion to strike Plaintiff's allegation of retaliation in line 12 of Count I of the complaint is **GRANTED**.

    c.  Defendant's motion to strike Plaintiff's demand for the removal of certain records from her personnel file is **DENIED**.

    d.  Defendant's motion to strike Plaintiff's claim for punitive damages, construed as a motion to dismiss, is **GRANTED**.

    e.  Defendant's motion to strike Plaintiff's request for an injunction "preventing hiring of culpable employees" is **GRANTED**.

**DONE AND ORDERED** this 2nd day of October, 2007.

                                                /s/ *Roger Vinson*
                                                **ROGER VINSON**
                                                **SENIOR UNITED STATES DISTRICT JUDGE**