IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARDELI BEAULIEU,
    Plaintiff,

v.                                                Case No. 3:07cv30/RV/EMT

THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF WEST FLORIDA,
    Defendant.
_____/

### **ORDER**

        This cause is before the court upon Defendant's response (Doc. 89) to the previous order of this court denying Plaintiff's motion to compel (Doc. 70) and finding that an award of sanctions to Defendant was likely appropriate (*see* Doc. 80). Plaintiff has responded in opposition to Defendant's response regarding sanctions (Doc. 100).

        In brief, the court denied Plaintiff's second motion to compel Defendant to designate a Rule 30(b)(6) witness and to continue discovery in order to permit a deposition of said witness (Doc. 80). This ruling was made after the court had previously <u>granted</u> Plaintiff's requests (Docs. 57, 62) to extend the discovery deadline and permitted Plaintiff to re-notice a Rule 30(b)(6) deposition (*see* Doc. 65). Additionally, the court provided extensive guidance to Plaintiff regarding the proper procedures for noticing and taking a Rule 30(b)(6) deposition, as her first attempt to do so failed to comply with applicable rules (*see* Doc. 65 (a seventeen-page order, at least eight pages of which discuss Rule 30(b)(6))). Plaintiff, having obtained the court's authorization, then re-noticed a Rule 30(b)(6) deposition. Plaintiff, however, failed to proceed with the deposition because Defendant designated a witness (Ms. Faria) who had previously been deposed by Plaintiff. Thereafter, Plaintiff filed a second motion to compel Defendant to designate a Rule 30(b)(6) witness (Doc. 70), which was denied (*see* Doc. 80) and which is the subject of the instant dispute. Plaintiff insists that the

court erred in denying her second motion to compel because, pursuant to Rule 30(a)(2)(B), leave of court was required to depose Ms. Faria a second time, and therefore an award of sanctions is not justified.

Initially, as the court found in its order denying Plaintiff's second motion to compel, it is clear that the prohibition against deposing a second witness without leave of court exists to protect the witness. Indeed, cases construing Rule 30(a)(2)(B) concern protection of the deponent from, for example, undue burden or harassment. *See, e.g.*, Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 193 (1st Cir. 2001) (granting protective order and quashing subpoenas issued to witnesses previously deposed); Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2, 197 F.3d 922, 926–27 (8th Cir. 1999) (second subpoena quashed, finding that a second deposition would constitute, among other things, an undue burden on the deponent); *see also* Fed. R. Civ. P. 26(c) (protective orders are designed to protect a person or party from whom discovery is sought from annoyance, embarrassment, oppression, undue burden, or expense). In the instant case, Ms. Faria, the person from whom discovery was sought, never complained about harassment or undue burden, and she never sought any protection from the court. Rather, after being designated by Defendant she willfully appeared for her "second" deposition — this time to testify as a Rule 30(b)(6) witness. Although Ms. Faria appeared at the "second" deposition, Plaintiff failed to conduct the deposition, choosing instead to read a statement outlining her objections to Defendant's designation of Ms. Faria (*see* Doc. 70 at 7).

Additionally, as the court noted in its order denying Plaintiff's second motion to compel, Defendant's Rule 30(b)(6) witness was testifying as an entity, not as herself, and thus the same person was not being deposed twice in this case, and the prohibition contained in Rule 30(a)(2)(B) was inapplicable (*see* Doc. 80 at 2–3). *See also* Quality Aero Tech., Inc., v. Telemetrie Elektronik, 212 F.R.D. 313, 318 (E.D.N.C. 2002), noting:

> Rule 30(b)(6) depositions are different from depositions of individuals. That difference is confirmed by the Advisory Committee Notes to the 1993 amendments to the Federal Rules, which expressly state that for purposes of calculating the number of a depositions in a case, a 30(b)(6) deposition is separately counted as a single deposition, regardless of the number of witnesses designated.

Quality Aero, 212 F.R.D. at 318.

Moreover, even if the prohibition against twice deposing Ms. Faria applied, Plaintiff acknowledges that she could have stipulated to her being deposed twice (*see* Doc. 100 at 3, ¶ 7 (Plaintiff notes that the parties could have entered into a written stipulation to take a second deposition)), but Plaintiff refused to so stipulate. It is obvious that Plaintiff simply did not like the person selected by Defendant, so she refused to proceed with the Rule 30(b)(6). Notably, Plaintiff failed to seek a protective order from the court prior to appearing at Ms. Faria's "second" deposition, and she did not attempt to conduct the deposition after placing her objections on the record. Thus, Plaintiff's second motion to compel was denied.

The order denying Plaintiff's second motion to compel also found that Defendant was likely entitled to reasonable expenses and fees incurred in opposing the motion to compel and directed that Defendant submit documentation of such expenses and fees (*see* Doc. 80 at 3–4). Plaintiff has now responded in opposition, noting her objection to the imposition of sanctions and contesting the reasonableness of the fees and expenses claimed by Defendant (Doc. 100).[1]

Federal Rule of Civil Procedure 37(a)(4)(B) provides:

> [i]f the motion [to compel] is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(B). The rules direct that the court shall impose sanctions against the unsuccessful party under a motion to compel unless the party's motion was "substantially justified" or "that other circumstances make an award of expenses unjust." *Id.*; *see* Fed. R. Civ. P. 37(a) Advisory Committee Notes to 1970 Amendment; 8A WRIGHT, MILLER & MARCUS, 8A FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2288 (2006) ("The greatest operative principle of Rule 37(a)(4) is that the loser pays."). "Rule 37 sanctions are to be applied diligently." In re Stauffer Seeds, Inc.,

---

[1] To the extent that Plaintiff "moves" this court to reconsider her motion to compel, her motion for reconsideration is denied because she has failed to show that this court's order denying her motion to compel was clearly erroneous or contrary to law. Plaintiff is advised that she may obtain review of an order of this court on any pretrial matter by filing a motion for reconsideration with the district court, pursuant to 28 U.S.C. § 636(b)(1)(A), in which she must show that this court's order was clearly erroneous or contrary to law.

817 F.2d 47, 49 (8th Cir. 1987)  A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 522, 565 (1988)).

In this case, the court cannot conclude that Plaintiff's second motion to compel Defendant to designate a Rule 30(b)(6) witness was "substantially justified" or "that other circumstances make an award of expenses unjust."  Thus, Defendant is entitled to fees and expenses incurred in opposing the motion.

Defendant seeks $1,137.50 in attorneys' fees for 5.5 hours of Attorney Kara Berlin's time at a rate of $175.00 per hour and 0.7 hours of Attorney Glen Bassett's time at a rate of $250.00 per hour (*see* Doc. 89 at 2).  Defendant states that Attorney Bassett's hourly rate of $250.00 per hour has previously been accepted as reasonable by the Federal District Court for the Middle District of Florida (*see id.* at 2).  Moreover, the court notes that a rate of $175.00 per hour has been accepted by this court as a reasonable hourly rate for attorneys practicing in the Northern District of Florida. *See, e.g.*, Lewis Commc'ns, Inc. v. Zohouri Seagrove LP, No. 3:06cv128/WS/EMT (N.D. Fla. Nov. 15, 2007) (Doc. 74 at 4); Hendrix v. Evenflo Co., Inc., No. 3:07cv133/MCR/EMT (N.D. Fla. Oct. 11, 2007) (Doc. 112 at 9).  Therefore, the court finds that Attorney Berlin's and Attorney Bassett's hourly rates of $175.00 and $250.00 per hour are reasonable.

Next, with respect to the hours expended by Defendant's attorneys in opposing Plaintiff's motion, the court has conducted an independent review of the accounting provided by Defendant and finds that the hours billed are reasonable.  Specifically, Attorney Berlin expended 1.2 hours reviewing Plaintiff's filings, 0.3 hours consulting with Attorney Bassett, and 4.0 hours researching and drafting a response to Plaintiff's motion to compel (*see* Doc. 89, Attach. 1 at 1–2).  Attorney Bassett expended 0.7 hours reviewing Plaintiff's filings and revising Defendant's response to Plaintiff's motion to compel (*see id.*, Attach. 1 at 3).  The reasonableness of Defendant's attorneys expending 6.2 hours is especially clear when consideration is given to the verbosity of Plaintiff's motion.  For example, her motion to compel included numerous exhibits, items of correspondence, and other documents filed under a separate notice (*see* Docs. 70, 71, 72).  Moreover, Plaintiff's habit of continuously reasserting and verbosely re-describing her claims, objections, and assertions makes

it especially difficult to ascertain the precise issue(s) that Plaintiff is raising in the relevant filing. Furthermore, Plaintiff's tendency to dispute every point raised by Defendant no matter how small, makes it especially reasonable for Defendant's attorneys to throughly, although no more throughly than necessary, review the documents that she filed in support of her motion and draft an appropriate memorandum in opposition.

Thus, having reviewed Defendant's submission and considered Plaintiff's objections thereto, the court finds that Defendant's attorneys' hourly rates and time expended are reasonable. Therefore, Defendant's attorneys' fees of $1,137.50 are reasonable.

Finally, if sanctions are imposed, Plaintiff requests that the court "establish a payment plan for Plaintiff as Pro Se Plaintiff has been unemployed for over one (1) year due to the alleged unlawful actions of [] Defendant" (Doc. 100 at 10). As noted by the court in Laye v. American Drug Stores, Inc., 29 Fed. Appx. 391, 394 (7th Cir. 2002), in upholding an award of sanctions in the amount of $2,500.00 against a pro se plaintiff:

> Financial means are an "equitable consideration" when sanctions are imposed under Federal Rule of Civil Procedure 11, Johnson v. A.W. Chesterton Co., 18 F.3d 1362, 1366 (7th Cir.1994), and a district court may consider an attorney's ability to pay sanctions imposed under 28 U.S.C. § 1927, although it is not "bound to do so," Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of the Fox Masonry and Expert Restorations, 140 F.3d 661, 667 (7th Cir.1998). But [pro se plaintiff] cites no authority for her view that a court must consider the ability of a party to pay a sanction before it can impose one under Rule 37. More importantly, [pro se plaintiff] never presented the district court with proof of her inability to pay, a burden that was hers if indeed finances were relevant. *See* Johnson, 18 F.3d at 1366.

Laye, 29 Fed. Appx. at 394.

Here Plaintiff has asserted only that she has been unemployed for over a year, but she has not established a financial inability to pay the amounts claimed by Defendant. Indeed, the court notes that Plaintiff paid the filing fee in this case and has funded the litigation thus far, including a financial ability to, among other things, copy large volumes of paper and have deposition transcripts produced (*see, e.g.*, Doc. 93 (order directing clerk to return to Plaintiff over 425 pages of documents, including several deposition transcripts); Doc. 102 (order directing clerk to return to Plaintiff over 90 pages of documents, again including deposition transcripts)). Thus, Plaintiff shall be ordered to pay the amounts requested by Defendant.

Case No. 3:07cv30/RV/EMT

Accordingly, it is **ORDERED**:

Within **SIXTY (60) DAYS** of the date of docketing of this order, Plaintiff shall pay to Defendant the sum of $1,137.50 for fees incurred in opposing the motion to compel.  Plaintiff shall pay by check or money order, payable to Defendant, and mailed to Defendant in care of Glen Allen Bassett, counsel for Defendant.

**DONE AND ORDERED** this 18th day of December 2007.

                                        /s/ *Elizabeth M. Timothy*
                                        **ELIZABETH M. TIMOTHY**
                                        **UNITED STATES MAGISTRATE JUDGE**