**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

ARDELI BEAULIEU,

    Plaintiff,

    v.                                                   Case No.: 3:07-cv-30-RV-EMT

THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF WEST FLORIDA,

    Defendants.
_____/

**ORDER**

The plaintiff, Ardeli Beaulieu, appearing *pro se*, seeks review of two orders entered by the magistrate judge assigned to this case. Specifically, she objects to the order denying leave to amend her complaint (doc. 94), and the order imposing sanctions against her (doc. 103).

**I. Background**

The following facts are taken from the proposed amended complaint, and they are assumed true for purposes of this order.

The plaintiff, a Hispanic female, was employed as an adjunct instructor at the University of West Florida from 2002 until spring 2006. She claims that she and other employees were subjected to a hostile work environment starting in or about August 2005, which "resulted in employees being berated, intimidated, and belittled." Beginning in spring 2006, she claims that she ("as the sole Hispanic adjunct instructor") was subjected to discriminatory work assignments and duties; biased critiques; lack of timely feedback; false and unsubstantiated accusations of insubordination and belligerence; and unjust criticisms. Nevertheless, at the end of the spring term, she received a favorable evaluation and her job performance was rated "highly." Because she chose

not to teach any courses over the summer, her last day of employment was April 28, 2006.

The next month, on May 19, 2006, she received a second evaluation that was considerably less favorable than the first one. She claims that this second evaluation was "false and untrue" and "unfounded, inaccurate, undocumented, malicious, untrue, bizarre, trivial, and irrational." She also claims that it was "discriminatory" and "target[ed]" her "national origin and Hispanic ethnicity." She filed a written opposition to the evaluation on July 3, 2006, and a few days later, on July 7, 2006, she attempted to file a grievance with the university and arrange for a meeting with the provost. Her requests were denied. Also in July, the plaintiff met with a Navy JAG Officer, and with a staff attorney from a local law firm, to both of whom she "complained that UWF discriminated against her." The fall term began in August 2006, but the plaintiff was not brought back. She claims that she was not rehired, *inter alia*, because of the negative second evaluation and in retaliation for her complaints. She filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and this action followed.

In her initial complaint, she alleged (i) employment discrimination under Title VII; (ii) libel, slander, and defamation with regard to the negative evaluation; and (iii) libel, slander, and defamation with regard to the defendant's responses to the EEOC investigation. Because the defendant is an agency or instrumentality of the State of Florida, counts II and III were dismissed based on Eleventh Amendment immunity, which left only the Title VII cause of action. The plaintiff later sought leave to amend the complaint to state a claim for retaliation and hostile work environment. The magistrate denied the request, concluding that the amended complaint failed to state a claim, and, therefore, amendment would be futile. The plaintiff then sought leave to amend the complaint a second time to add four new counts: three counts of retaliation and one count of hostile work environment. The magistrate held that the second proposed amended complaint "suffers from essentially the same defects as [the] first proposed amended complaint," so leave to amend was again denied.

While the motions to amend were pending and being considered, discovery was

ongoing. The plaintiff deposed a witness referred to in the pleadings as "Ms. Faria." Subsequently, she requested and noticed the deposition for a Rule 30(b)(6) witness. When the plaintiff learned that Ms. Faria was the person designated by the defendant as a Rule 30(b)(6) witness, she refused to go forward with the deposition and thereafter filed a motion to compel a second Rule 30 deposition. The magistrate judge denied the motion to compel and later, upon motion, awarded the defendant $1,137.50 for the reasonable expenses and fees it incurred in opposing the motion to compel.

As noted, the plaintiff seeks reconsideration of the magistrate judge's denial of her second motion to amend the complaint and the imposition of sanctions.

## II. Standard of Review

To be entitled to relief, the plaintiff must show that the magistrate's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Merritt v. International Brotherhood of Boilermakers,* 649 F.2d 1013, 1017 (5th Cir. 1981) (pretrial orders of magistrate judges "are reviewable under the 'clearly erroneous and contrary to law' standard").

## III. Discussion

With respect to her motion to amend, the plaintiff is attempting to set forth three counts of retaliation. First, she claims that the defendant's failure to hire her back in the fall was in retaliation for her engaging in protected activity under Title VII, that is, her attempting to file a grievance and arrange a meeting with the university provost, and her meeting with the Navy JAG officer and a local attorney. She next claims that the defendant retaliated against her by "providing false and untrue . . . responses to the EEOC" during the course of its investigation. And lastly, she alleges that the defendant has retaliated against her during the course of this case by, *inter alia*, failing to reimburse her for costs incurred in responding to discovery requests. The last two claims are without merit, and, for all the reasons stated by the magistrate, it would be futile to allow the plaintiff to amend the complaint to include them. The first claim of retaliation is a different story, however.

In concluding that the "failure to hire" retaliation claim was deficient, the

*Case No.: 3:07-cv-30-RV-EMT*

magistrate held that the plaintiff's complaints to the defendant (*i.e.*, her attempted grievance and meeting with the provost) "were never based on her race; thus, they could not constitute 'protected activity,' and she correspondingly failed to satisfy the first prong of a prima facie retaliation case." The magistrate concluded that "none of her complaints would have put Defendant on notice that Plaintiff was opposing an employment practice made unlawful by Title VII." This holding was based, at least in part, on my prior order striking a claim in the initial complaint that made passing reference to retaliation. I determined at the time that the plaintiff's complaint about her unsatisfactory evaluation was "simply not sufficient to describe protected activity, or to rise to the level of stating a claim (which should properly be set out separately)."

      The plaintiff "separately" alleges in her new complaint, however, that her various complaints *were* sufficient to put the defendant on notice that she was engaging in protected activity under Title VII. Doc. 86 at ¶ 128. In her amended EEOC charge of discrimination, dated January 16, 2007, she alleged that the negative evaluation "was fabricated to retaliate against my opposition to discriminatory employment practices . . . during the Spring 2006 term," and she was denied employment "in retaliation for my complaints to human resources and the Provost [about that] discriminatory instructor evaluation." Discovery may prove otherwise, and the result may be different on a motion summary judgment. But, looking only to the four corners of the complaint as amended --- and to the EEOC charge attached thereto --- and liberally construing the allegations in light of the plaintiff's *pro se* status, it is premature to rule on what her complaints did or did not suggest to the defendant and its employees.[1]

---

[1] In the order denying the plaintiff's *first* attempt to amend her complaint, the magistrate noted that in the proposed complaint the plaintiff admitted that she "did not use the word 'discrimination'" when she spoke to the provost. The plaintiff has omitted that admission from her second proposed complaint. But, even if she had not done so, that would not by itself establish that she failed to put the defendant on notice that she was claiming discrimination. Indeed, it is not difficult to imagine that the plaintiff could have complained of discrimination without actually using that particular word. Furthermore, as noted, the plaintiff claims that she consulted with Navy Legal Services in July 2006, as well as with an attorney, to discuss her claims of discrimination. It

I also disagree that the plaintiff has failed to sufficiently plead a claim for hostile work environment. The magistrate determined that the claim must fail because the plaintiff "alleges that her *and her co-workers'* conditions of employment were equally affected by Defendant's employees' allegedly hostile workplace actions" (emphasis in original). While it is true that the plaintiff claims that other employees were also affected by the allegedly hostile work environment, she alleges in the amended complaint that the workplace was "permeated with discriminatory intimidation . . . predicated upon race and national origin." Again, the claim might not survive summary judgment, but at this stage we are confined to the amended complaint, which, as noted, must be construed liberally in favor of the *pro se* plaintiff.

With respect to the order sanctioning the plaintiff, I have reviewed the order and the plaintiff's objection thereto. The order was fully supported by the record and was neither clearly erroneous nor contrary to law. The objection must be, and is, denied without discussion.

## IV. Conclusion

For the reasons above, the plaintiff is permitted to amend her complaint to add the counts of "failure to hire" retaliation and hostile work environment, and, to that limited extent, her objection to doc. 94 is SUSTAINED. Her objection to doc. 103 is DENIED. In light of this ruling, the plaintiff's claims have expanded and the defendant's motion for summary judgment (doc. 83), as well as the plaintiff's cross motion for summary judgment (doc. 111), are DENIED as moot, without prejudice to refiling.

DONE and ORDERED this 27th day of August, 2008.

---

appears to be unclear at this stage whether there is evidence that the defendant knew anything about these meetings. For example, did the attorney write a letter to the defendant on the plaintiff's behalf, complaining of the allegedly discriminatory evaluation? If they did know that plaintiff met with the JAG Officer and an attorney, obviously, that might be sufficient to put them on notice of her discrimination claims, which, in turn, might arguably have impacted the decision not to hire the plaintiff the following month, in August 2006.

*Case No.: 3:07-cv-30-RV-EMT*

Page 6 of 6

/S/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge

*Case No.: 3:07-cv-30-RV-EMT*