IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARDELI BEAULIEU,
    Plaintiff,

v.                                      Case No. 3:07cv30/RV/EMT

THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF WEST FLORIDA,
    Defendant.
_____/

**ORDER**

        This cause is before the court upon referral from the clerk. On August 27, 2008, the district court entered an order (Doc. 121) pertaining to Plaintiff's Motion for Leave of Court to Amend Complaint (Doc. 85), Plaintiff's proposed second amended complaint (Doc. 86), and the undersigned's order denying the motion to amend (Doc. 94). In pertinent part, the district court granted, in part, Plaintiff's objections to the order denying her motion to amend (Doc. 121).

        As noted by the district court (*see* Doc. 121 at 2), in Plaintiff's initial complaint she alleged (i) employment discrimination under Title VII; (ii) libel, slander, and defamation with regard to a negative evaluation; and (iii) libel, slander, and defamation with regard to Defendant's responses to the EEOC investigation (*see* Doc. 1). Counts II and III were dismissed based on Eleventh Amendment immunity, which left only the Title VII cause of action (*see* Doc. 64 at 2). Plaintiff later sought leave to amend the complaint to state a claim for retaliation and hostile work environment (Doc. 66). The undersigned denied Plaintiff's request, concluding that the amended complaint failed to state a claim, and therefore, amendment would be futile (Doc. 77). Plaintiff then sought leave to amend the complaint a second time to add four new counts: three counts of retaliation and one count of hostile work environment (Doc. 85). Plaintiff's second motion for leave to amend her complaint was denied by the undersigned (Doc. 94), and Plaintiff sought review by

the district court.

> Upon review, the district court noted:
>
> With respect to her [second] motion to amend, the plaintiff is attempting to set forth three counts of retaliation. First, she claims that the defendant's failure to hire her back in the fall was in retaliation for her engaging in protected activity under Title VII, that is, her attempting to file a grievance and arrange a meeting with the university provost, and her meeting with the Navy JAG officer and a local attorney. She next claims that the defendant retaliated against her by "providing false and untrue . . . responses to the EEOC" during the course of its investigation. And lastly, she alleges that the defendant has retaliated against her during the course of this case by, inter alia, failing to reimburse her for costs incurred in responding to discovery requests. The last two claims are without merit, and, for all the reasons stated by the magistrate, it would be futile to allow the plaintiff to amend the complaint to include them.

(Doc. 121 at 3). The district court further noted, however, that Plaintiff's first proposed claim of retaliation (i.e., her "failure to hire" retaliation claim) was not necessarily deficient, and Plaintiff should be allowed to amend her complaint to add this claim (*id.* at 3–4). Similarly, the district court disagreed with the undersigned regarding Plaintiff's proposed claim for hostile work environment, and therefore, concluded that Plaintiff should be allowed to add this claim (*id.* at 5).

Rule 15.1 of the Local Rules for the Northern District of Florida provides, "When leave is sought to amend a pleading pursuant to a motion, the motion and the proposed amended pleading shall each be filed and docketed separately. The proposed amended pleading shall not take effect unless and until the motion to amend is granted." Here, Plaintiff's second motion for leave to amend her complaint has been granted only in part. Thus, the undersigned concludes that Plaintiff's proposed second amended complaint (Doc. 86) should not take effect, as it contains claims that have effectively been dismissed by the district court. To conclude otherwise, the court (and parties) would be required to refer to Plaintiff's original complaint (of which only Count I has survived) and Plaintiff's proposed second amended complaint (of which only two of four proposed counts have survived) in resolving future motions or otherwise conducting future proceedings in this case, such as hearings or trial. Accordingly, in the interests of clarity and judicial economy, Plaintiff shall be required to file an amended complaint. Plaintiff shall title the amended complaint as "Third Amended Complaint," and the complaint shall contain only the following claims: 1) employment

discrimination under Title VII, 2) "failure to hire" in retaliation for Plaintiff's engaging in protected activity under Title VII, and 3) hostile work environment.  Similarly, the complaint shall contain only facts that support the three aforementioned claims.  In other words, Plaintiff shall omit extraneous facts, such as facts that relate to dismissed claims.

Plaintiff should carefully review the foregoing.  If Plaintiff chooses to proceed with this action, she must completely fill out a new complaint form, marking it "**Third Amended Complaint**."  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  Thus, Plaintiff may not refer to any earlier complaint or pleading that has been filed in this case; all facts in support of her claims must be contained in the third amended complaint.  *See* N.D. Fla. Loc. R. 15.1 ("Matters not set forth in the amended pleading are deemed to have been abandoned.").  Plaintiff is reminded that her amended complaint may not exceed twenty-five (25) pages absent leave of court upon a showing of good cause.  N.D. Fla. Loc. R. 5.1(J)(3).  Upon the filing of Defendant's answer to Plaintiff's third amended complaint, the court will issue a new scheduling order.

Accordingly, it is **ORDERED**:

1. Plaintiff's proposed second amended complaint (Doc. 86) shall not take effect.
2. The clerk of court is directed to forward to Plaintiff a complaint form for use by pro se litigants in actions under 42 U.S.C. § 2000e (Title VII).  This case number should be written on the form.
3. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended complaint as outlined in the body of this order.  The complaint shall be typed or clearly written, submitted on the court form, and marked "Third Amended Complaint."
4. Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 9th day of September 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:07cv30/RV/EMT