IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARDELI BEAULIEU,
    Plaintiff,

v.                       Case No. 3:07cv30/RV/EMT

BOARD OF TRUSTEES
UNIVERSITY OF WEST FLORIDA
    Defendant.
_____/

## ORDER

Pending are Defendant's motion for summary judgment on Plaintiff's fourth amended complaint (respectively, Docs. 146 and 132) and Plaintiff's motions to strike the motion for summary judgment, strike Defendant's statement of facts filed in support of its motion for summary judgment, and extend the time in which to file a response to the motion for summary judgment (*see* Docs. 148, 156–160). Defendant has filed responses to Plaintiff's motions (*see* Docs. 162, 169–173). Plaintiff has not filed a response to the motion for summary judgment, a statement of disputed facts, or affidavits or other evidentiary materials in opposition to summary judgment.

Defendant filed its motion for summary judgment on April 8, 2009, making Plaintiff's response to the motion due no later than April 22, 2009. *See* N.D. Fla. Loc. Rule 7.1(C)(1) (providing each party opposing a motion fourteen (14) days from the date of service of the motion in which to file and serve a responsive memorandum; also providing that the failure to file a responsive memorandum may be sufficient cause to grant the motion); *see also* Local Rule 56.1 (noting that the advisement procedures for filing evidentiary materials do not alter the requirements and time limits for filing responsive memoranda under Local Rule 7.1; also stating that all material facts set forth in a party's statement of facts "will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party"). Plaintiff filed her motion for

additional time in which to respond to Defendant's motion for summary judgment on April 24, 2009 (Doc. 160).

Pursuant to Fed. R. Civ. P. 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made before the original time or its extension expires; . . ." Fed. R. Civ. P. 6(b)(1)(a). The court may also grant an enlargement "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(2). In this case, Plaintiff filed her motion for enlargement after the original time for filing her response had expired and thus the motion was untimely filed.[1] Plaintiff therefore must show excusable neglect for her untimely filing. While Plaintiff asserts in her motion that good cause exists for granting the enlargement, she has not argued—or shown—that under Fed. R. Civ. P. 6(b)(2) the failure to timely file her motion should be granted due to excusable neglect.

Despite protracted litigation, the parties have not yet mediated this case. The court concludes that mediation—which the courts of this district require in virtually all nonprisoner civil cases similar to the instant matter—could be beneficial in either limiting the issues or reaching a full settlement of all claims. Accordingly, before the court rules on Plaintiff's motion for enlargement of time or addresses any other pending motions, the parties shall mediate this case in accordance with the following procedures:

1.   The parties shall mediate this case with attorney Charles L. Cetti, 817 N. Palafox Street, Pensacola, FL 32501, Telephone (850) 438-4036.[2]

---

[1] Plaintiff proceeds pro se in this case. While the court is obliged to construe a pro se litigant's pleadings liberally, *see* Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (recognizing that pro se complaints should be held to "less stringent standards" than pleadings drafted by attorneys), a party who proceeds pro se nevertheless must comply with the same procedural rules that other litigants must follow. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that "once a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Moreover, in litigating this case, Plaintiff has repeatedly and clearly demonstrated a keen familiarity with the Federal Rules. *See*, *e.g.*, Doc. 90, filed December 6, 2007 (complaining, *inter alia*, of Defendant's violation of Fed. R. Civ. P. 5.2, which had become effective December 1, 2007).

[2] If for any reason the parties are unable to mediate with Mr. Cetti within the time prescribed in this order, the court must be notified immediately so that it can name a different mediator or time period for mediation. The parties shall not proceed to mediation other than as specifically directed by the court.

2.  Unless otherwise agreed, the fee of the mediator shall be paid equally by the parties. The fee shall be paid in the manner required by the mediator.

3.  The first mediation conference shall commence by not later than **OCTOBER 1, 2009** (but may commence at any earlier time). The mediator shall set the initial mediation conference with due regard to schedules and other commitments of the parties and counsel and may continue or adjourn the mediation conferences in his discretion within the time constraints set out in this order.

4.  The following persons **MUST** attend the mediation conference:

    (a) Counsel of record primarily responsible for the conduct of this matter on behalf of Defendant and Plaintiff, who proceeds pro se.

    (b) All parties. In the case of a corporation, governmental entity, or other organization, or officer in his or her official capacity, the party must attend through a representative having full authority to settle the entire case for the party without further consultation. In his discretion, however, the mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without further consultation."

    (c) If a party is insured, a representative of the insurer having full authority to settle without further consultation. In his discretion, however, the mediator may waive the requirement that the insurer's representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

5.  Failure of any person to attend the mediation conference as required shall result in the imposition of sanctions.

6.  The parties shall confer in advance on the submission of written materials to the mediator and shall proceed in accordance with any agreement they reach or the instructions of the mediator. In the absence of agreement of the parties or instructions from the mediator, no written submissions to the mediator are required, but either party may submit materials as it deems appropriate, which the mediator may consider as he or she deems appropriate.

7. The mediator shall have authority to control the procedures to be followed in mediation, may adjourn the mediation conference and set times for reconvening, and may suspend or terminate mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.

8. All discussions, representations, and statements made at the mediation conference shall be off the record and privileged as settlement negotiations. Mediation proceedings shall not be recorded by a court reporter or by an electronic recording device, except as necessary to memorialize any settlement that may be reached.

9. This referral to mediation does not automatically toll the time for completion of any other matter in this case.

10. The parties are encouraged to settle as many issues during mediation as possible. Partial or complete settlements shall immediately be reduced to writing in the presence of the mediator and shall be signed by all parties and their counsel.

11. Mediation in this case must be completed on or before **NOVEMBER 1, 2009.** The mediator shall file a report within seven (7) days thereafter indicating when mediation was conducted and the outcome of the mediation (that is, whether the matter was settled or impasse was declared). If the matter is settled in full, notice to the court shall be immediate.

12. On motion of any party, the court will consider ordering that mediation commence immediately or at a time earlier than otherwise required by this order. With or without such an order, the parties by agreement may commence mediation at any time before the deadlines set in this order.

13. The clerk shall provide a copy of this order to attorney Charles L. Cetti, 817 N. Palafox Street, Pensacola, FL 32501.

**DONE AND ORDERED** this 28th day of August 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**